26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewis Manuel BOLES Defendant-Appellant.
 No. 93-10581.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1994.*
Decided May 26, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis Manuel Boles appeals his sentence imposed by the district court following his guilty plea to mail theft in violation of 18 U.S.C. Sec. 1708. Lewis contends that he was entitled to a two-level downward departure for acceptance of responsibility, and that his sentence should not have been adjusted upward for engaging in a criminal livelihood. We affirm.
 
 
 3
 The Sentencing Guidelines mandate a two-level reduction in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a) (1992). Whether a defendant has accepted responsibility is a factual determination which is reviewed for clear error and will not be disturbed unless it is without foundation. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991); see also U.S.S.G. Sec. 3E1.1 application note 5 ("the determination of the sentencing judge is entitled to great deference on review").
 
 
 4
 Here, the district court found that despite Boles' timely admission of guilt, that admission was outweighed by conduct that is inconsistent with the acceptance of responsibility. Whatever the merits of his contention that he feared for his safety at Behavioral Systems Southwest, the fact that he remained at large for several months, and only returned following his arrest, supports the district court's determination that Boles had not in fact accepted responsibility for his underlying crime. That determination is thus not without foundation.
 
 
 5
 The district court also found that Boles engaged in a pattern of criminal conduct as a livelihood within the meaning of section 4B1.3 of the Sentencing Guidelines, and accordingly adjusted his offense level upward to 13. The application notes to section 4B1.3 indicate that this section applies when:
 
 
 6
 (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period.
 
 
 7
 U.S.S.G. Sec. 4B1.3 application note 2. These determinations are factual, and thus are reviewed for clear error. See United States v. Munster-Ramirez, 888 F.2d 1267, 1269 (9th Cir.1989) (applying clear error standard to determination of section 4B1.3's former requirement that defendant "derived a substantial portion of his income" from criminal conduct), cert. denied, 495 U.S. 920 (1990).
 
 
 8
 The presentence report indicates that the U.S. Postal Service suffered twenty-two thefts of mail from Postal Service vehicles over the course of the twelve months preceding Boles' arrest. The method used in these thefts indicates that they were connected. Although Boles admitted to only two specific thefts, he stated that he "associated with" a gang that stole mail. From this evidence, the district court made a permissible finding that Boles had participated in more than two of the thefts. Boles also committed at least one burglary of a private residence during this time.
 
 
 9
 As the record contains no indication that Boles was engaged in any noncriminal income-producing activities, the district court's finding that Boles' criminal conduct was his primary source of income is not clearly erroneous. Although the district court was not able to set a dollar figure on the amount that Boles had obtained through his criminal activities in the preceding twelve months, its finding that that amount was more that 2,000 times the hourly minimum wage also is not clearly erroneous. Boles was supporting a $100 a day heroin habit during this time, and does not contend that he had another source of income. Those facts, combined with evidence that Boles' criminal activities were extensive, support the district court's finding.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3